**Sheila L. LOGAN, Plaintiff–Appellant,**

v.

**DAYTON HUDSON CORPORATION, a Minnesota corporation; Kellermeyer Building Services, Inc., an Ohio corporation, Defendants–Appellees.**

No. 87–1838.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1988.

Decided Jan. 19, 1989.

Steven W. Reifman (argued), Reifman & Applebaum, P.C., Farmington Hills, Mich., for plaintiff-appellant.

---

Martha Churchill (argued), Royal Oak, Mich., for Dayton Hudson.

Michael T. Lynch, Detroit, Mich., Deanna E. Hazen (argued), for Kellermeyer.

Before MARTIN, JONES, and NORRIS, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Logan appeals the district court's order granting the defendants a new trial on the issue of damages based upon the district court's determination that it committed error in admitting the testimony of chiropractor, Dr. Herman J. Glass, with respect to Logan's potential need for surgery.

Logan slipped and fell on popcorn and grease in Dayton Hudson Corporation's retail store. Kellermeyer Building Services, Inc., was contractually obligated to Dayton Hudson Corporation for maintenance of the retail store. The case was tried before a jury on April 15, 1987 with the jury rendering a verdict in the amount of $125,000.

Dayton Hudson and Kellermeyer Building Services filed motions for a new trial on the grounds that the district court erred in allowing chiropractic testimony on behalf of Logan which indicated that she might need surgical intervention at a future date. Under Fed.R.Evid. 702, the district court qualified Dr. Glass as an expert to testify to that which was *properly* considered within the practice of chiropractic. The district court, referring to M.C.L. § 333.16401[1]; M.S.A. § 14.15 [16401[1]] and *Attorney General v. Beno*, 422 Mich. 293, 373 N.W.2d 544, (1983), defined the proper limits of a chiropractor's field of expertise to exclude any diagnosis regarding the need for surgery. However, Dr. Glass testified that Logan may need such future back surgery. The district court initially admitted the testimony over the objection of Dayton Hudson but later reversed itself stating that Dr. Glass' testimony was beyond the scope of his qualified field of chiropractic. Dr. Glass lacked the expertise to make a diagnosis as to the need for further surgical intervention.

On July 20, 1987, the district court issued an order granting the motion for a new trial stating that it had improperly admitted the testimony of Dr. Glass to the prejudice of Dayton Hudson. On July 29, 1987, the district court issued another order amending its prior order of July 20 and granting a new trial for Dayton Hudson and Kellermeyer on the issues of damages only. A second trial was held resulting in a reduced verdict and a judgment in the amount of $60,000 in favor of Logan. We find that the district court did not abuse its discretion in granting a new trial on the basis that it committed error in admitting the opinion testimony of Dr. Glass with regard to Logan's potential need for surgery.

If a trial court has improperly admitted evidence and a substantial right of a party has been affected, the trial court may order a new trial, Fed.R.Civ.P. 61, on the motion of a party, Fed.R.Civ.P. 59(a), or on its own initiative, Fed.R.Civ.P. 59(d), on all or part of the issues, Fed.R.Civ.P. 59(a). Generally, the grant or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing abuse of discretion. *Whittington v. New Jersey Zinc Co.*, 775 F.2d 698 (6th Cir.1985); *Gordon v. Norman*, 788 F.2d 1194 (6th Cir.1986). Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment. *Balani v. Immigration and Naturalization Service*, 669 F.2d 1157 (6th Cir.1982). We cannot say that the trial court committed an abuse of discretion in granting the motion for a new trial on the issue of damages. Dr. Glass, the chiropractor, testified that he was not licensed to perform surgery or give a diagnosis on whether surgery would be required by a patient. The district court qualified Dr. Glass to testify as an expert in chiropractic and defined chiropractic to exclude any diagnosis as to future back surgery. Fed.R.Evid. 702; *see* Fed.R.Evid. 104 (qualification of a person to be a witness is a preliminary question of fact); *Mannino v. Intern. Mfg. Co.*, 650 F.2d 846, 849 (6th Cir.1981) (determination of the qualifications of an expert is largely within

the discretion of the trial court and only subject to review upon abuse of that discretion). Dr. Glass, in response to a leading question by Logan's counsel, testified that Logan may need future back surgery. Dr. Lewerenz, a doctor of osteopathy, testified for Logan and gave the opinion that future treatment would consist of occasional physical therapy, medication and manipulations. Nowhere did Dr. Lewerenz state that Logan would need future back surgery as testified to by Dr. Glass. Logan was also examined by two independent medical doctors requested by Dayton Hudson and Kellermeyer, Dr. McNeil and Dr. Monson. Both physicians were both certified orthopedists. Neither Dr. McNeil nor Dr. Monson testified that Logan would require future back surgery. Further, Logan in her closing argument explicitly referred to Dr. Glass' testimony that Logan's back injury would require surgery in the future. The district court did not abuse its discretion in granting a new trial on the grounds that Dr. Glass gave an opinion to the jury beyond the scope of his qualified expertise to the substantial harm of Dayton Hudson.

For the reasons stated above, we affirm.