961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jane SAUCEMAN, Plaintiff-Appellee/Cross-Appellant.
v.
CITY OF GIRARD, OHIO. et al., Defendants-Appellant's/Cross-Appellees.
 Nos. 91-3380, 91-3521 and 91-3556.
 United States Court of Appeals, Sixth Circuit.
 April 23, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The relevant facts are set forth in the district court's Memorandum accompanying its decisions on the merits of the case and the attorney's fees proceedings and need not be restated herein. For the reasons set forth in the aforementioned Memoranda, and because we find that the court's discrimination ruling was not clearly erroneous, see Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (intentional discrimination finding is one of fact subject to the clearly erroneous standard of review), we AFFIRM on the merits. Moreover, as the court's findings on attorney's fees, with the exception of those pertaining to the time spent opposing the request of the defendants to waive the supersedeas bond requirement, were not an abuse of discretion, see Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989) (appellate court must be left with definite and firm conviction that district court committed clear error for there to be an abuse of discretion), we AFFIRM the district court's decision which denied plaintiff's motion to enhance the lodestar fee.
 
 
 2
 In denying the plaintiff's counsel attorney's fees for time spent opposing the defendants' request that the supersedeas bond requirements be waived, the district court found those proceedings to be separate from the merits of the case. It based its decision on the fact that the plaintiff did not prevail on the defendants' motion. See Wooldridge v. Marlene Indus. Corp., 898 F.2d 1169, 1173 (6th Cir.1990); 42 U.S.C. § 2000e-5(k).[1] However, as the Wooldridge court stated:
 
 
 3
 the question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.
 
 
 4
 Id. at 1177.
 
 
 5
 The City stated during the attorney's fees proceeding that it was experiencing financial difficulties. The motion to stay and to waive the supersedeas bond requirements was inseparably intertwined with the merits of the case. In light of the City's financial problems, a reasonable attorney would have believed opposition to the motion to be necessary to protect and preserve the judgment obtained in the Title VII proceedings. Accordingly, the district court's denial of attorney's fees for this portion of the case is REVERSED and REMANDED to the court below with instructions to provide attorney's fees for hours expended opposing the defendants' motion.
 
 
 
 [1]
 Section 2000e-5(k) states:
 In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs....