**Peter C. BLISS, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, et al., Defendants–Appellees.**

No. 00–3770.

United States Court of Appeals, Sixth Circuit.

March 15, 2001.

Before COLE and GILMAN, Circuit Judges; BORMAN, District Judge.*

Peter C. Bliss, a New Mexico prisoner proceeding pro se, appeals a district court order denying his post-judgment motion to amend his complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 15, 1999, Bliss filed a complaint against Corrections Corporation of America ("CCA") and six CCA employees employed at the Northeast Ohio Correctional Center, Bliss's former place of confinement. Relying upon the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as Ohio state tort law, Bliss alleged that on November 18, 1998, he was handcuffed, maced, and assaulted by the defendants for no reason. As a result of the incident, Bliss alleged that false disciplinary charges

---

* The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation.

were filed against him and he was denied due process at his disciplinary hearing with respect to those charges.

On December 17, 1999, the district court dismissed Bliss's Eighth Amendment claims without prejudice pursuant to 42 U.S.C. § 1997e and dismissed the remaining constitutional claims pursuant to 28 U.S.C. § 1915(e). The court declined jurisdiction to review Bliss's state law claims. Bliss did not appeal the district court's judgment. Instead, on April 27, 2000, Bliss filed a motion to amend his complaint. The district court denied the motion as moot on May 1, 2000. On June 6, 2000, Bliss filed a notice of appeal from the district court's May 1, 2000, order. On September 28, 2000, this court remanded the case to the district court "for consideration of the notice of appeal as a Fed. R.App. P. 4(a)(5) motion for an extension of time for appealing the May 1, 2000 order." Upon remand, the district court granted Bliss's motion for extension of time to file a notice of appeal from the May 1, 2000, order. Although Bliss's appellate brief is devoted to the merits of the claims asserted in his complaint, this case is only before us as an appeal from the denial of Bliss's post-judgment motion to amend his complaint.

■ We review a district court's denial of a motion to amend a complaint for an abuse of discretion. *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 833–34 (6th Cir.1999); *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995). An abuse of discretion has been defined as "a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989).

After judgment has been entered, a complaint may not be amended without leave of court. *See* Fed.R.Civ.P. 15(a). Leave to amend a complaint "shall be freely given when justice so requires." *Id.* Bliss's motion to amend his complaint was made over four months after judgment had been entered; thus, Bliss could not amend his complaint without leave of court. *See id.*

■ Upon review, we conclude that the district court did not abuse its discretion by denying Bliss's motion to amend his complaint. *See Duggins,* 195 F.3d at 833–34. Bliss failed to demonstrate the need for amendment or otherwise explain his reasons for requesting leave to amend. Bliss did not indicate how amendment would cure the deficiencies of his complaint, as pointed out in the district court's December 17, 1999, opinion, or tender a proposed amended complaint for the district court's review. Under these circumstances, justice does not require that amendment occur. *See* Fed.R.Civ.P. 15(a).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.