Carolyn ANTHONY, Plaintiff–
Appellant,

v.

THE UNITED METHODIST
PUBLISHING HOUSE,
Defendant–Appellee.

No. 00–5590.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before MARTIN, Chief Judge;
MOORE, Circuit Judge; O'MALLEY,
District Judge.*

### ORDER

Carolyn Anthony, a Tennessee resident proceeding pro se, appeals a district court order denying her motion to reconsider its order dismissing her employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 and 3, and the Americans with Disabilities Act, 42 U.S.C. § 12112. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 2, 1998, Anthony filed a complaint against The United Methodist Publishing House ("UMPH"), her former employer. Anthony, an African–American female, alleged that she was employed by UMPH as a telephone service representative. Anthony alleged that she developed carpal tunnel syndrome in February 1996, as a result of her duties at work. On September 4, 1996, Anthony's employment was terminated due to excessive absenteeism and tardiness. Anthony alleged, however, that her employment was terminated because of her race, sex, disability, and in retaliation because she had filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

A magistrate judge filed a report recommending that UMPH's motion for summary judgment be granted. Over Anthony's objections, the district court adopted and approved the magistrate judge's report and recommendation. The district court denied Anthony's subsequent motion for reconsideration on March 31, 2000.

On April 28, 2000, Anthony filed a notice of appeal from the district court's order denying her motion to reconsider. In an order filed on August 23, 2000, this court found that Anthony's motion to reconsider did not toll the appeal period, but could be treated as a Fed.R.Civ.P. 60(b) motion for relief from judgment. Since Anthony timely appealed the district court's order denying her motion for reconsideration, this court found that "[o]nly issues regarding the March 31, 2000, order may be raised on appeal." Without specifically requesting oral argument, Anthony indicates in her reply brief that she has "not waived any rights [she] might have concerning oral argument."

■ We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998); *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998). An abuse of discretion has been defined as a " 'definite and firm conviction that the trial court committed a clear error of judgment.' " *Byers,* 151 F.3d at 578–79 (quoting *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir. 1989)). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment dismissing the complaint. *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998).

■ Upon review, we conclude that the district court did not abuse its discretion when it denied Anthony's motion for reconsideration, which is construed as filed pursuant to Fed.R.Civ.P. 60(b). *See Byers,* 151 F.3d at 578–79; *Good,* 149 F.3d at 423. In her motion to reconsider, Anthony merely reiterated the arguments that had already been made throughout the course of the proceedings below. Anthony did not allege the existence of any of the grounds for relief specified in Fed. R.Civ.P. 60(b)(1)-(6). Thus, the district court properly denied Anthony's motion for reconsideration.

■ In her reply brief, Anthony asserts, for the first time, that she is entitled to relief pursuant to the provisions of Fed. R.Civ.P. 60(b)(1), (2), (3), (4), and (6). However, unless exceptional circumstances are present, issues which were not ruled upon by the district court will not be addressed on appeal. *Maldonado v. Nat'l*

*Acme Co.*, 73 F.3d 642, 648 (6th Cir.1996). No exceptional circumstances exist in this case.

Accordingly, the request for oral argument is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.