Allen E. ADAMS;  Rose Ann Adams, Plaintiffs–Appellants,

v.

**LIFT–A–LOFT CORPORATION; General Motors Corporation, Defendants–Appellees.**

**No. 00–3029, 00–3472.**

United States Court of Appeals, Sixth Circuit.

Sept. 21, 2001.

Before KENNEDY, RALPH B. GUY, JR., and BOGGS, Circuit Judges.

In Case No. 00–3029, Allen E. "Rocky" Adams and Rose Ann Adams, Ohio plaintiffs, appeal the district court's decision and entry granting summary judgment for defendant General Motors Corporation (GMC). In Case No. 00–3472, the plaintiffs appeal the district court's decision and entry overruling their motion for a new trial on their causes of action against defendant Lift–A–Loft Corporation (Lift–A–Loft). The final judgment in this action was entered on December 7, 1999. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Adams was employed as a journeyman electrician at a GMC plant in Dayton, Ohio. On March 25, 1992, he was asked to perform some work at an elevated height. When a ladder proved insufficient for the task, Adams utilized a "Roto–Lift" designed and manufactured by Lift–A–Loft and sold to GMC in 1980. While he was in the basket of the lift, the arm chains failed

and Adams was dropped to the concrete floor, injuring his legs, knees, hip, and lower back. Adams subsequently filed the instant complaint against both GMC and Lift-a-Loft. In count one, Adams asserted that Lift-A-Loft defectively designed and manufactured the Roto-Lift and that such was a direct and proximate cause of the accident and his injuries. In count two, Adams asserted that GMC knew or should have known that the Roto-Lift was not properly inspected, serviced, or maintained; that it was an open and obvious hazard of injury; that GMC ordered him to perform work that GMC knew or should have known would expose him to the danger of injury from the equipment failure; and that GMC acted with intent to injure him or with a belief that injury was substantially certain to occur. Count three, brought by Rose Ann Adams, asserted loss of consortium as a direct and proximate result of the defendants' negligence, strict liability, and intentional tort actions. The plaintiffs sought $2 million in compensatory and $20 million in punitive damages. This suit was originally filed in the Montgomery County (Ohio) Court of Common Pleas, but was removed by defendant GMC to the Federal District Court for the Southern District of Ohio on the basis of diversity of citizenship.

GMC filed a motion for summary judgment to which the plaintiffs responded, both parties attaching affidavits and other exhibits. Upon consideration of these and further filings, the district court sustained GMC's motion for summary judgment in a decision and entry filed on March 24, 1999. A jury trial was conducted on the plaintiffs' claims against Lift-A-Loft, with the jury reaching its decision on November 24, 1999. Responding to special interrogatories, the jury found that the plaintiffs proved that the Roto-Lift was defectively designed and that Lift-A-Loft failed to exercise ordinary care in the design of the Roto-Lift; however, the jury further found that the plaintiffs did *not* prove that either the defective design or the defendant's failure to exercise ordinary care was a direct and proximate cause of the accident. Accordingly, judgment was entered in favor of both defendants.

The plaintiffs filed a motion for a new trial pursuant to Fed.R.Civ.P. 59(a) on the grounds that: (1) the jury's determination that the defective and negligent design of the Roto-Lift was not a direct and proximate cause of the accident was contrary to the manifest weight of the evidence; and (2) the district court erred in precluding the plaintiffs' counsel from examining witness William Barefoot on evidence relating to a recall of the Roto-Lift by the defendant. The district court overruled the motion for a new trial in a decision and entry entered on March 29, 2000.

On appeal, the plaintiffs argue that: (1) the jury's determination that Lift-A-Loft's defective and negligent design of the Roto-Lift was not a proximate cause of the accident was unreasonable and against the manifest weight of the evidence, and that the district court erred in denying the motion for a new trial; and (2) the trial court erred in granting summary judgment in favor of GMC on their intentional tort claim.

Upon review, we affirm the district court's judgment. This court reviews a district court's denial of a motion for a new trial for an abuse of discretion and will reverse such a decision only if it has " 'a definite and firm conviction that the trial court committed a clear error of judgment.' " *Barnes v. Owens–Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir.2000) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)). "New trials are not to be granted on the grounds that the verdict was against the weight of the evidence 'unless that verdict was unreasonable.' " *Barnes*, 201 F.3d at 820–21 (quoting *Holmes v.*

*City of Massillon,* 78 F.3d 1041, 1047 (6th Cir.1996)). "Thus, if a reasonable juror could reach the challenged verdict, a new trial is improper." *Barnes,* 201 F.3d at 821. " '[C]ourts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.' " *Id.* (quoting *Duncan v. Duncan,* 377 F.2d 49, 52 (6th Cir.1967)). When this standard is applied to the instant case, it is clear that the district court did not abuse its discretion in denying the plaintiffs' motion for a new trial against Lift–A–Loft.

Furthermore, the district court did not err in granting summary judgment to defendant GMC on the plaintiffs' intentional tort claim. This court reviews *de novo* a district court's order granting summary judgment. *Thompson v. Ashe,* 250 F.3d 399, 405 (6th Cir.2001). Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.;* Fed.R.Civ.P. 56(c). The court must consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits in the light most favorable to the non-moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson,* 250 F.3d at 405. "However, the party opposing the motion may not rely solely on the pleadings and must adduce more than a mere scintilla of evidence; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Thompson,* 250 F.3d at 405. In this case, the district court properly found that the plaintiffs, as the non-moving party, failed to make a sufficient showing on an essential element of their claim.

We agree with the district court that, while the facts demonstrate the existence of a triable issue of gross negligence, or even recklessness, in failing to properly inspect and maintain its personnel lifting equipment, the evidence is insufficient as a matter of law to create a genuine issue of material fact as to whether GMC committed an intentional tort against Adams. Therefore, the district court's decision and entry granting summary judgment to GMC is affirmed in Case No. 00–3029.

Finally, because the loss of consortium claim of Rose Ann Adams depends upon a favorable outcome in her husband's claims against Lift–A–Loft and GMC, the failure of those claims means that hers must fail as well.

Accordingly, the district court's final judgment, entered on December 7, 1999, is affirmed.