### Lynnetta SHEPHERD, Plaintiff– Appellant,

v.

### WAL–MART STORES, INC., doing business as Wal–Mart Super Center Store # 335, Defendant–Appellee.

#### No. 01–5222.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2001.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*ORDER*

Lynnetta Shepherd, a Tennessee plaintiff proceeding pro se, appeals a district court order denying her motion for a new trial following a jury verdict for the defendant in her sexual harassment suit filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Shepherd was employed by Wal–Mart from June 1989 until August 13, 1998. Ed Riley became her supervisor in 1995. In September 1997, Shepherd reported to a manager that Riley had intentionally "hit her butt" in 1996 while she was bent over to remove candy from a bin. She further reported that, in mid–1997, Riley and Shepherd were alone in the security room getting cigarettes to take out for sale when Riley "thumped her boobs." This time Shepherd punched Riley hard in the stomach and told him not to touch her again. There were no other reported incidents. Wal–Mart's district manager investigated, interviewing eight associates who Shepherd said could corroborate her complaints. None did, but Wal–Mart still removed Shepherd from Riley's supervision.

Dissatisfied with the investigation, Shepherd filed a sexual harassment charge with the Equal Employment Opportunity Commission (EEOC) on January 18, 1998. In the charge, she admitted that the supervisor who allegedly harassed her had been moved and that she was no longer being

harassed. The EEOC issued a right-to-sue notice on March 26, 1998, and Shepherd timely filed a Title VII complaint in federal district court, alleging that Riley's two inappropriate touches and several inappropriate remarks constituted sexual harassment resulting in emotional distress, embarrassment, counseling expenses, and lost wages and benefits. The latter damages were allegedly the result of lower evaluations and lower wage increases due to her resistance to Riley's advances. Shepherd sought declaratory and injunctive relief as well as appropriate back and front pay, and compensatory and punitive damages. Wal–Mart terminated Shepherd's employment on August 13, 1998, on the ground that she refused to follow proper procedures involved in cigarette sales inventory despite several warnings.

On August 30, 2000, following a three-day trial, the jury returned a verdict in favor of the defendant and judgment was entered the next day. Shepherd moved for a new trial on the ground that the trial court erred in refusing to allow Shepherd to introduce testimonial and documentary evidence by other female Wal–Mart associates who had allegedly been subjected to improper sexual remarks by Riley. The district court denied the motion for a new trial in an order entered on January 4, 2001. The court determined that the evidence was properly ruled inadmissible pursuant to Fed.R.Evid. 404(b) and that even if it had been admissible under Rule 404(b), it was properly excluded under Rule 403 as more prejudicial than probative. Finally, the district court found that, even if its ruling was incorrect, the outcome of the trial would not have been different because the verdict was not against the great weight of the evidence and the defendant would not have been liable under Title VII even if the jury had believed Riley harassed her. Shepherd timely appealed from the order denying a new trial.

On appeal, Shepherd continues to assert that the district court erred in refusing to allow testimony from other female Wal–Mart employees regarding Riley's behavior toward them. In addition, she argues that the trial judge made improper comments, that defense counsel improperly coached a witness, and that there were an excessive number of bench conferences. Finally, Shepherd asks this court "to review all the evidence in the case and render a verdict based on the evidence." Several documents originally attached to Shepherd's pro se brief on appeal were struck by order of this court.

This court reviews a district court's denial of a motion for a new trial for an abuse of discretion and will reverse such a decision only if it has " 'a definite and firm conviction that the trial court committed a clear error of judgment.' " *Barnes v. Owens–Corning Fiberglas Corp.*, 201 F.3d 815, 820 (6th Cir.2000) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989)). We conclude that the district court did not abuse its discretion in this case and properly excluded the evidence for the reasons stated by the district court.

Shepherd's issues on appeal regarding judicial misconduct, improper coaching of a witness, and excessive number of bench conferences were not raised in her motion for a new trial and so are not properly before this court. *See White v. Schotten*, 201 F.3d 743, 754 (6th Cir.), *cert. denied*, 531 U.S. 940, 121 S.Ct. 332, 148 L.Ed.2d 267 (2000).

Accordingly, the district court's order denying Shepherd's motion for a new trial, entered on January 4, 2001, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.