**Harry WRIGHT, Plaintiff–Appellant,**

v.

**NORTHEAST OHIO REGIONAL SEW-ER DISTRICT; Local 860, Laborers' International Union of North America; Edwin O'Deal; Thomas Smeal; Jeffrey Looby; Ken Yuko; William Gallitz, Defendants–Appellees.**

No. 01–4109.

United States Court of Appeals, Sixth Circuit.

June 10, 2002.

Before KRUPANSKY and COLE, Circuit Judges; DUGGAN, District Judge.*

Harry Wright, proceeding pro se, appeals a magistrate judge's order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 25, 1997, Wright filed a complaint against the Northeast Ohio Regional Sewer District ("Northeast"), his former employer; the Laborers' International Union of North America, Local 860, his former union; Edwin O'Deal, Thomas Smeal, and Jeffrey Looby, Northeast employees;

and Ken Yuko and William Gallitz, union officials. Wright, an African–American, was employed as a security guard for Northeast from 1989 to 1996. Wright's employment was terminated in 1996 for sleeping while on duty on several occasions during the course of his employment. Wright alleged, however, that his employment was terminated because of his race and in retaliation because he had engaged in protected activity. Wright also alleged that his union discriminated against him on the basis of race by failing to adequately represent him during his disciplinary proceedings.

The parties consented to have a magistrate judge exercise jurisdiction over the action pursuant to the provisions of 28 U.S.C. § 636(c). On March 4, 1999, the magistrate judge granted the defendants' motions for summary judgment and dismissed the case. On appeal, this court affirmed the magistrate judge's judgment, and subsequently denied Wright's petition for rehearing.

On August 3, 2001, Wright filed a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b), which was denied by the magistrate judge. Wright has filed a timely appeal. The defendants' "joint motion to allow existing record to stand on its own merit" has been granted by this court.

We review the magistrate judge's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir.1998); *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998). An abuse of discretion has been defined as a " 'definite and firm conviction that the trial court committed a clear error of judgment.' " *Byers*, 151 F.3d at 578–79 (quoting *Logan v. Dayton*

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

*Hudson Corp.,* 865 F.2d 789, 790 (6th Cir. 1989)). An appeal "from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998).

Upon review, we conclude that the magistrate judge did not abuse his discretion when he denied Wright's Fed.R.Civ.P. 60(b) motion for relief from judgment, as Wright failed to demonstrate the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6). In his motion for relief from judgment, Wright merely reiterated the arguments that had already been made throughout the course of the prior proceedings and argued that the United States Supreme Court's decision in *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), "has reversed Prior underlying judgement [*sic* ]." Contrary to Wright's contention, the *Reeves* decision did not reverse or vacate any of the decisions upon which the magistrate judge relied when granting the defendants' motions for summary judgment and dismissing his employment discrimination case.

Accordingly, the magistrate judge's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.