Janice **JONES**, Plaintiff–Appellant,

v.

Danny Paul **ROBINSON** and Mecosta County, Defendants–Appellees.

No. 01–2412.

United States Court of Appeals, Sixth Circuit.

June 17, 2002.

Before MARTIN, Chief Circuit Judge; KEITH, and KENNEDY, Circuit Judges.

*ORDER*

Janice Jones appeals a district court grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones filed her complaint in the district court alleging that the individual defendant Mecosta County Deputy Sheriff Danny Robinson violated her Fourth Amendment right to remain free from unreasonable seizure when he forcefully grabbed her during a confrontation in the offices of the Mecosta County Sheriff. Following the close of the discovery period established by the district court, the parties filed cross motions for summary judgment. The district court denied plaintiff's motion, granted defendants' motion and entered judgment accordingly. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that a genuine issue of material fact remains with respect to her Fourth Amendment claim against the individual defendant, and contends that the district court erred in closing the discovery period and in considering two affidavits submitted by defendants beyond the discovery period. Plaintiff also moves to strike these affidavits on appeal. Defendants respond that the district court's judgment was proper. Upon de novo review, *see Brooks v. American Broad. Cos.*, 932 F.2d 495, 500 (6th Cir. 1991), we will affirm the judgment essentially for the reasons stated by the district court in its opinion filed September 5, 2001.

The district court properly analyzed and rejected plaintiff's Fourth Amendment claim. Generally, the Fourth Amendment prohibits unreasonable seizures and the use of excessive force during an arrest or investigatory stop. *See Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). However, plaintiff was not arrested or subjected to an investigatory stop in this case. Even if defendant "stopped" plaintiff, the district court properly performed a "careful balancing of the 'nature and intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake" in determining whether a police officer's use of force was "reasonable" under the circumstances. *Id.* (quoting *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). The inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397, 109 S.Ct. 1865. The focus is on the "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396, 109 S.Ct. 1865. Here, the evidence of record supports the district court's conclusion that defendant acted properly. Moreover, the district court correctly concluded that defendant is entitled to qualified immunity from suit for damages in any event.

Finally, plaintiff's claims regarding discovery lack merit. The scope of discovery lies within the sound discretion of the trial court and discovery rulings are reviewed only for abuse of discretion. *See Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993). Abuse of discretion is defined as a firm and definite conviction that the trial court committed a clear error of judgment. *See Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir.1989). As noted by the district court, "(d)iscovery in this case did not proceed smoothly." The magistrate judge properly closed discovery at the previously scheduled time after con-

cluding that both parties committed discovery abuses. Plaintiff cites no evidence that she might have been able to obtain had the magistrate judge not closed discovery. Moreover, plaintiff's contention that the district court improperly considered two affidavits submitted by defendants beyond the discovery period lacks merit because parties are permitted to obtain affidavits in support of a motion for summary judgment outside the discovery period and process.

For the foregoing reasons, the motion to strike defendants' affidavits is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.