**Bertha E. BATEY, Plaintiff–Appellant,**

v.

**TENNESSEE DEPARTMENT OF HEALTH; Freda Whatley, Commissioner of Tennessee Department of Health; Judy Eads, Assistant Commissioner of Health of Tennessee, Department of Health Office of Health Licensure & Regulation, Defendants–Appellees.**

No. 02–5318.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

*ORDER*

Bertha E. Batey, proceeding pro se, appeals a district court order denying her motion to reconsider its order dismissing her employment discrimination complaint filed pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2 and 3. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 21, 2001, Batey filed a complaint against the Tennessee Department of Health ("TDH"); Freda Whatley, Commissioner of the TDH; and Judy Eads, Assistant Commissioner of the TDH. Batey, a fifty-six-year old African–American female, alleged that she applied and was interviewed for a position with the TDH as a Public Health Nurse, Consultant I. Batey alleged that she was subsequently offered the position and was "to begin working shortly after the Labor Day holiday in September 2000." However, on September 7, 2000, Batey alleged that she was informed by a TDH agency supervisor that the TDH "would not be able to honor its offer of employment," without any further explanation. Batey alleged that the TDH rescinded its offer of employment because of her age, race, and gender. Batey also alleged that the TDH's action was retaliatory because she disclosed during her interview that she had filed a charge with the Equal Employment Opportunity Commission ("EEOC") against a former employer.

The defendants filed a motion to dismiss, in which they argued that Batey's complaint should be dismissed because it was not filed within ninety days of the date upon which she received her Notice of Right to Sue from the EEOC. Batey did not respond to the defendants' motion. On January 25, 2002, the district court granted the defendants' motion and dismissed the case. On February 21, 2002, Batey filed a motion for reconsideration, which the district court denied on February 25, 2002.

On March 5, 2002, Batey filed a notice of appeal. In an order filed on June 19, 2002, this court found that Batey's motion to reconsider did not toll the appeal period pursuant to Fed.R.Civ.P. 59(e) and Fed. R.App. P. 4(a)(4) because it was not filed within ten days of the district court's order dismissing the case. However, this court found that Batey's motion could be treated as a Fed.R.Civ.P. 60(b) motion for relief from judgment. Since Batey's notice of appeal was timely as to the district court's order denying her motion to reconsider,

this court concluded that "[o]nly issues regarding the February 25, 2002, order may be raised on appeal." Consequently, Batey's appeal from the district court's January 25, 2002, order was dismissed.

We review the district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Cincinnati Ins. Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998); *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998). An abuse of discretion has been defined as a " 'definite and firm conviction that the trial court committed a clear error of judgment.' " *Byers,* 151 F.3d at 578–79 (quoting *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir.1989)). An appeal from an order denying a Fed.R.Civ.P. 60(b) motion does not bring up for review the underlying judgment dismissing the complaint. *Browder v. Dir., Dep't of Corrs.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). Rather, this court's inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998).

Upon review, we conclude that the district court did not abuse its discretion when it denied Batey's motion for reconsideration, which is construed as filed pursuant to Fed.R.Civ.P. 60(b). Batey failed to demonstrate the existence of any of the grounds for relief specified in Fed.R.Civ.P. 60(b)(1)-(6). In fact, the evidence and arguments offered by Batey in support of her motion for reconsideration actually supported the district court's dismissal of her complaint. Thus, Batey's motion for reconsideration was properly denied. Batey's arguments on appeal do not compel a different result.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.