

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2003

# Edwards v. PA Turnpike Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4279

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Edwards v. PA Turnpike Comm" (2003). *2003 Decisions.* Paper 138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-4279

TERRI LYNN EDWARDS,
Appellant

v.

PENNSYLVANIA TURNPIKE COMMISSION,
Appellee

Appeal from the final order entered on October 23, 2002 in the
United States District Court for the Middle District of Pennsylvania in
Civil Action No. 1:CV-01-0357
District Court: Hon. John E. Jones

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2003

Before: McKEE and SMITH, Circuit Judges,
and SCHILLER, District Judge.[1]

(Opinion filed: November 5, 2003)
OPINION
McKEE, Circuit Judge.

Plaintiff, Terri Lynn Edwards appeals from the district court's grant of summary

judgement for the defendant, the Pennsylvania Turnpike Commission (the "Commission")

as well as the district court's denial of plaintiff's motion to supplement the judgment

record. For the reasons that follow, we will affirm the ruling of the district court.

---

[1]Honorable Berle M. Schiller, U.S. District Judge, Eastern District of Pennsylvania
sitting by designation.

**I.**

Because we write only for the parties, it is not necessary to recite the facts of this case in detail. It is sufficient to note that Edwards, a former employee of the Commission, filed a complaint in the Middle District of Pennsylvania pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.,* as amended by the Civil Rights Act of 1991, against the Commission. Edwards alleged that she was denied a promotion and terminated from her employment because of her race and/or in retaliation for having raised discrimination claims.

After discovery was closed, the Commission filed a motion for summary judgment and four months later Edwards filed a motion to supplement the summary judgment record with after-acquired evidence. The district court granted the Commission's motion for summary judgment[2], denied Edward's motion to supplement the record[3] and entered judgment for the Commission. This appeal followed.

**II.**

As noted, Edwards appeals both the district court's grant of the Commission's motion for summary judgment as well as the court's denial of her motion to supplement the record. Each issue will be discussed separately.

---

[2]We review the district court's grant of a motion for summary judgment using a plenary standard. We must also (i) resolve conflicting evidence in favor of the nonmovant, (ii) not engage in credibility determination, and (iii) draw all reasonable inferences in favor of the nonmovant.

[3]We review the district court's denial of a motion to supplement the record for abuse of discretion.

## A. Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. To be a genuine issue, the evidence must be "such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). Materiality will be determined by the substantive law of the case. *Id.* Therefore, "the mere existence of *some* alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.*

In disparate treatment cases brought under Title VII, once the plaintiff has established a prima facie case of discrimination the burden shifts to the defendant "to articulate some legitimate nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Once the defendant has met this burden, the plaintiff must show that the nondiscriminatory reason articulated by the defendant is in fact a pretext for discrimination. *Id.* at 804.

In a Title VII action, to avoid summary judgment after the employer has proffered a legitimate, nondiscriminatory reason for adverse employment action, the plaintiff must

produce evidence which: (1) casts sufficient doubt upon each proffered reason so that a fact finder could reasonably conclude that each reason was fabrication, or (2) allows a fact finder to infer that discrimination was more likely than not a motivating or determinative cause of action. *See Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994). The plaintiff, therefore, must cast doubt on the legitimate reason for an employment decision advanced by the employer. This burden is met through a demonstration that such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action are such that a reasonable factfinder could rationally find them 'unworthy of credence'" *Id.*.

Here, Edwards established a *prima facie* case, as the burden is not overly heavy. The Commission then sustained its burden by advancing a multitude of reasons for Edwards' termination other than discrimination. The legitimate reasons included Edwards' poor job performance as evidenced by a written warning issued to Edwards for threats she allegedly made against a co-worker, as well as a two-day suspension issued as a result of certain job deficiencies, including an incident where Edwards put a 9-1-1 dispatcher on hold so that she could continue a personal phone call. After these measures were taken, Edwards was warned that under the applicable Collective Bargaining Agreement, the next step in the disciplinary procedure would be Edwards' termination. Finally, in May of 1999, Edwards was terminated for a variety of other infractions. The Commission presented evidence which showed she was insubordinate to her direct supervisor and also charged personal periodical subscriptions and a seminar to the

Commission without permission.

Edwards argues that the legitimate reasons proffered by the Commission to support their employment decisions are merely a pretext for racial discrimination. Edwards does not attempt to cast doubt upon the Commission's proffered reasons for her termination. Instead, she attempts to bring forth evidence from which a reasonable fact finder could conclude that racial discrimination was more likely than not a motivating cause for her discharge. *See Fuentes v. Perskie*, 32 F.3d 759 (3d Cir. 1994). In support of this claim, Edwards asserts that her actions at work were not unusual, in that other employees behaved in a similar unprofessional manner. She also claims that co-workers and superiors had referenced her race by criticizing her for talking "too black," Plaintiff's Exhibit E at page 3, and labeled her as a "trouble-making f----- –----," Plaintiff's Exhibit A at page 26, and that another white employee who was also written up for insubordination received no discipline in response to his actions.

The evidence presented by Edwards is insufficient to create a reasonable inference that the Commission's articulated legitimate, nondiscriminatory reasons are false, or that an invidious discriminatory reason was more likely a motivating or determinative cause for her discharge. *See Torre v. Casio, Inc.,* 42 F.3d 825, 830 (3d Cir. 1994). We agree with the district court's determination that the remarks made about her race are not sufficient to sustain her burden. The remarks were made by supervisors unrelated to the decision to terminate Edwards and the remarks were also temporally remote from the date of the decision. Therefore they were "stray" remarks and not given great weight. *See*

*Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992).[4]

Also, we find Edwards' contention that she was treated differently than a White employee who engaged in similar behavior insufficient to sustain her burden. Although both Edwards and the White employee were charged with similar infractions, Edwards was fired while the White employee was not. However, the two employees were at different stages of the disciplinary scheme outlined in the Collective Bargaining Agreement. The Commission's failure to terminate the White employee, therefore, does not create an inference of racial discrimination.

Finally, we find no merit in Edwards' claim that she was not promoted because of illegal discrimination. Edwards applied for a position in January of 1999, which she was denied. However, she has not presented any evidence from which a reasonable fact finder could find she was more qualified than the applicants who were recommended for the position. Furthermore, Edwards was not even eligible for one of the promotions she mentions because of her termination.

Edwards has not presented sufficient evidence to show that she was the subject of unlawful discriminatory treatment by the Commission. Therefore, we find there is no genuine issue as to any material fact regarding the Commission's decision to terminate her.

### B. Motion to Supplement Summary Judgment Record

---

[4] Our conclusion may have been different if Edwards had provided sufficient proof that the supervisors who made the remarks were involved with the decisions leading to her termination.

The district court denied Edwards' motion to supplement the summary judgment record, which was made more than five months after discovery had closed. We review the district court's decision using an abuse of discretion standard. An abuse of discretion is found where we are left with the "definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.,* 865 F.2d 789, 790 (6th Cir., 1989) The evidence Edwards sought to introduce was merely corroborative of evidence already on the record and would not have altered the decision of the district court. We find that the ruling of the district court denying Edwards' motion to supplement the record was therefore not an abuse of discretion.

### III.

For the above reasons, we will affirm the ruling of the district court.

TO THE CLERK OF THE COURT:

Please file the foregoing Opinion.

/s/ Theodore A. McKee,
Circuit Judge

DATED: November 5, 2003