**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a1010n.06
Filed: December 22, 2005

**04-6500**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| WARREN L. PULLIAM, | ) ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and COLE, Circuit Judges, and BARZILAY,[*] Judge.

PER CURIAM. The defendant, Warren Pulliam, appeals the district court's denial of his motion, filed pursuant to Federal Rule of Civil Procedure 60(b), to vacate a judgment entered against Pulliam by the district court in 1992. In affirming the judgment, we trust that our order will end the seemingly endless round of litigation in this diversity action that grew out of events dating back some 20 years.

In a previous stage of the litigation, we described its protracted procedural history as follows:

---

[*]The Hon. Judith M. Barzilay, Judge of the United States Court of International Trade, sitting by designation.

> Pulliam was a principal owner and President of Peoples State Bank. On December 17, 1986, Pulliam agreed to indemnify Peoples State Bank for losses arising from his wrongful issuance of certified checks. Peoples State Bank assigned its rights under this restitution agreement to Ohio Casualty.
>
> On February 1, 1988, Barnett Bank sued Peoples State Bank to recover funds wrongfully paid to Peoples State Bank. Ohio Casualty, acting on behalf of Peoples State Bank, paid Barnett Bank approximately $200,000 to settle the action. Because Pulliam's mismanagement of bank funds caused the loss, Ohio Casualty filed this action in district court on May 25, 1990, seeking indemnity and contribution from Pulliam under the terms of the restitution agreement.
>
> On July 8, 1992, the jury returned a verdict for Ohio Casualty in the amount of $200,000. On July 20, 1992, Pulliam filed a motion for a new trial, to alter or amend the judgment, or for judgment notwithstanding the verdict. On October 21, 1992, the district court denied Pulliam's motions. Pulliam did not appeal the district court's October 1992 decision. Instead, Pulliam filed a motion – pursuant to Federal Rule of Civil Procedure 60(b) -- to set aside the jury's 1992 verdict on October 17, 1995. The district court denied Pulliam's untimely motion. . . .

*Ohio Cas. Ins. Co. v. Pulliam*, No. 96-6522, 1999 WL 455336 at *1 (6th Cir. June 23, 1999).

We affirmed the district court's denial of the Rule 60(b) motion, and the United States Supreme Court ultimately denied the defendant's subsequent petition for a writ of certiorari in early 2000. More than four years later, on March 5, 2004, Pulliam filed a second Rule 60(b) motion seeking to vacate the original 1992 judgment. In that motion, the defendant raised claims of fraud, conspiracy, and collusion, as well as a claim of fraud on the court. The district judge denied the request for relief, ruling that "it is crystal clear that Pulliam's motion comes far too late." The defendant now appeals that determination.

As we noted in our 1999 opinion examining the propriety of the district court's denial

of Pulliam's 1995 Rule 60(b) motion, such a denial is reviewed by an appellate court only

"for an abuse of discretion . . . [and] does not bring up for review the underlying judgment."

*Id.* at *2 (citing *Windsor v. United States Dep't of Justice*, 740 F.2d 6, 7 (6th Cir. 1984)).

An "[a]buse of discretion is defined as a definite and firm conviction that the trial court

committed a clear error of judgment." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir.

1996) (quoting *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)).

Recognizing that the interests of justice sometimes demand that a judgment not be

enforced against a particular party, Rule 60(b) of the Federal Rules of Civil Procedure

provides for such relief for certain familiar, designated reasons. Specifically, a party may

be relieved of a judgment entered against it on grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). Any motion seeking relief under grounds (1), (2), or (3) must be filed

with the district court "not more than one year after the judgment, order, or proceeding was

entered or taken." *Id.* Motions pursuant to grounds (4), (5), or (6) "shall be made within a

reasonable time." *Id.*

In his latest attempt to extricate himself from the burdens of the judgment entered against him in 1992, Pulliam asserts that he "was the victim of fraud, conspiracy and collusion." Correctly equating that allegation with the grounds for relief enumerated in subsection (3) of Rule 60(b), Ohio Casualty now echoes the ruling of the district court and argues that the defendant's motion was filed long after the expiration of the one-year deadline envisioned by the drafters of the rule. To the extent that the defendant himself was the victim of such fraud, Ohio Casualty is correct and is entitled to dismissal of Pulliam's motion.[1] In his 2004 filing, however, the defendant also alleges that fraud was committed not only upon him, but also upon the district court and two Kentucky state courts during the course of this litigation. Because Rule 60(b) explicitly states that the "rule does not limit the power of a court . . . to set aside a judgment for fraud upon the court," the one-year restriction on alleging grounds for relief from judgment does not apply to the extent that Pulliam can establish such "fraud upon the court."

In *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993) we noted that "fraud upon the court," unlike other fraud, consists of conduct:

1.  On the part of an officer of the court;
2.  That is directed to the "judicial machinery" itself;

---

[1]Before this court, Pulliam intimates that the Kentucky Supreme Court decision in *Terwilliger v. Terwilliger*, 64 S.W.3d 816, 818 (Ky. 2002), which, for purposes of Kentucky law, equated "fraud on a party" with "fraud affecting the proceedings," eliminates any distinctions between the two manifestations of fraud. Regardless of the merit or lack of merit of the Kentucky position, the justices of the Kentucky Supreme Court cannot alter the framework of *Federal* Rule of Civil Procedure 60(b) that is to be applied in *federal* court proceedings.

3.  That is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;

4.  That is a positive averment or is concealment when one is under a duty to disclose;

5.  That deceives the court.

In an effort to establish "fraud upon the court," Pulliam submits that he can now prove, as described in his brief:

(1) that the Complaint which Barnett Bank filed in the underlying Jefferson Circuit Court action overstated the amount of Barnett Bank's loss by $201,500.00; (2) that Ohio Casualty, contrary to the declarations which it made to the court below and to Nelson Circuit Court, actively participated in the settlement of the underlying action; (3) that Ohio Casualty knew that Barnett Bank's complaint contained a false statement of material fact, and failed to advise Jefferson Circuit Court, the trial court, or this Court of that fact; (4) that Ohio Casualty overstated the amount of damages in paragraph 19 of the instant Complaint; (5) that Ohio Casualty attached an Exhibit to the Complaint which it filed in the instant case which overstated the amount of Barnett's loss by $201,500.00, although it well knew that the amount set out therein was erroneous; and (6) that Ohio Casualty also . . . elicited untrue testimony from Peoples Bank's counsel at the trial of the instant action; and after having done so, failed to advise the court below that erroneous testimony had been given.

Boiled down to its essence, Pulliam's assertion of "fraud upon the court" stems from the fact that Barnett Bank's complaint against Peoples Bank sought recovery of approximately $835,000 paid by Peoples by certified checks "without sufficient funds on deposit to cover those checks." According to the defendant, however, the parties knew the actual loss to Barnett Bank was only $633,500, or $201,500 less than the parties led the courts to believe. But *Demjanjuk* requires that, in order to establish fraud upon the court,

any misstatements by an officer of the court actually deceive the court. *See Demjanjuk*, 10 F.3d at 348. Because the banks, with or without the assistance of Ohio Casualty, eventually settled the disagreement between them for *$200,000*, the courts could not have been deceived by the failure of the parties to correct any inaccuracies contained in pleadings or testimony that asserted that a much higher amount of money was at issue. Pulliam has thus failed to establish fraud upon *the court* by this simple discrepancy.

Pulliam further asserts that the plaintiff helped perpetuate a fraud upon the court by failing to divulge the fact that Barnett Bank had received partial compensation for its loss from another entity not a party to this appeal. In his brief to this court, however, the defendant concedes that the "secret" recovery paid only $282,500 of Barnett Bank's loss that was caused by Pulliam's misdeeds. Thus, Ohio Casualty, by contract, would still have been responsible for repaying $351,000 ($633,500 less $282,500) of Peoples Bank's liability. Again, because the ultimate $200,000 judgment rendered against Pulliam was significantly less than the amount for which the defendant was still responsible, the court and the judicial process were not prejudicially deceived by any actions alleged by the defendant. Consequently, the district court did not abuse its discretion in denying the defendant's Rule 60(b) motion.

We therefore AFFIRM the district court's order denying the Rule 60(b) motion, although for a reason different from that relied upon by the district court.