<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

File Name: 16a0103n.06

Case Nos. 15-5005, 15-5186

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 19, 2016
DEBORAH S. HUNT, Clerk

GREGORY BRYANT,                                )
                                                              )
    Plaintiff-Appellant,                    )    ON APPEAL FROM THE UNITED
                                                              )    STATES DISTRICT COURT FOR
v.                                                            )    THE WESTERN DISTRICT OF
                                                              )    TENNESSEE
CITY OF MEMPHIS, et al.,                     )
                                                              )
    Defendants-Appellees.                  )


BEFORE: NORRIS, CLAY, and COOK, Circuit Judges.

COOK, Circuit Judge. In response to a physical altercation between Gregory Bryant (an African-American firefighter with the City of Memphis Fire Department) and Mark Forrest (Bryant's white battalion chief), Bryant sued Forrest for assault and sued the City of Memphis for negligent failure to train and supervise Forrest. Bryant also sued both defendants for intentional racial discrimination under 42 U.S.C. § 1983, though his complaint cited § 1981.[1] The district court dismissed the § 1983 claim for failure to allege an adverse employment action and dismissed the negligence claim against the City on immunity grounds. After a three-day trial on the remaining assault claim, a jury found in Forrest's favor. Bryant appeals the dismissal of his negligence claim against the City, three pretrial evidentiary rulings, and the jury verdict as

---

[1] Bryant's counsel informed this court in her brief and at oral argument that Bryant was abandoning the racial discrimination claim. We therefore need not reach the issue of whether the district court properly dismissed that claim.

founded on insufficient evidence. The defendants request sanctions for the filing of a frivolous appeal. We AFFIRM the district court on all grounds and DENY sanctions.

## I.    Facts

During an attempt by the Memphis Fire Department to extinguish a fire at a vacant house, Bryant was operating the firetruck's hose. Battalion Chief Forrest provided all tactical orders from inside his vehicle stationed in front of the house. When the hose manned by Bryant proved ineffective, Forrest ordered it shut down so that firemen could enter the house with hand-held hoses. While the firefighters geared up in the front yard, Bryant tried to use the truck's hose again. Chief Forrest tried to get Bryant's attention—to tell him to turn off the hose—by radio and then by signaling with his siren. Getting no response, he jumped out of his truck and headed toward Bryant. Bryant alleges that Forrest then "violently grabbed him by his arm and shoved him up against the equipment . . . with his arm pressed against his neck." Forrest says that he only grabbed Bryant's arm, turned him around, and ordered him to shut down the hose.

Upset about the scuffle, Bryant brought various claims against Forrest and the City of Memphis for assault, negligent failure to train, and intentional racial discrimination under 42 U.S.C. § 1981. The district court dismissed the discrimination claim for lack of an adverse employment action. The court also dismissed the negligent-training claim against the City on immunity grounds. The jury returned a verdict in Forrest's favor on the remaining assault claim, and Bryant now appeals.

## II.    Claims Against the City

Bryant brought three claims against the City: (1) intentional race discrimination, (2) "intentional aggravated assault," and (3) negligent failure to train Forrest in relation to aggressive physical contact on the job. The district court dismissed the last two claims on state

sovereign immunity grounds and Bryant appeals that decision. We review de novo. *Town of Smyrna v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 645 (6th Cir. 2013) (citing *S.J. v. Hamilton Cnty.*, 374 F.3d 416, 418 (6th Cir. 2004)).

First, we agree that sovereign immunity bars Bryant's assault claim against the City. The Tennessee Governmental Tort Liability Act provides that "all governmental entities shall be immune from suit for any injury which may result from" the exercise of governmental duties. Tenn. Code Ann. § 29-20-201(a). The Act excludes an "injury proximately caused by a negligent act or omission of any employee within the scope of his employment." Tenn. Code Ann. § 29-20-205. Bryant sued the City for intentional assault—not negligence—by one of its employees. The Act therefore immunizes the City from Bryant's assault claim.

Second, sovereign immunity also bars Bryant's negligent-training claim. Although Bryant points to § 29-20-205 of the Act as grounds for viewing the negligent-training claims as non-immunized, that section contains an exception. The City retains immunity for negligence claims "aris[ing] out of the same circumstances giving rise to [a] civil rights claim." *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010); *see also* Tenn. Code. Ann. § 29-20-205. Because Bryant's negligent-training claim arises out of the same facts underlying his § 1983 claim, the City enjoys immunity from suit. *See Campbell v. Anderson Cnty.*, 695 F. Supp. 2d 764, 778 (E.D. Tenn. 2010) (dismissing plaintiff's negligence claims against the County because those claims "ar[o]se out of and directly flow[ed] from the [civil rights] allegations").

In challenging the immunity finding, Bryant criticizes the district court's decision to construe his § 1981 claim as having been brought under § 1983. He reasons as follows: if the district court had *dismissed* his improperly brought §1981 claim, there would have been no civil-rights bypass to the City's liability for negligent training. Not so. The district court properly

recast Bryant's complaint because 42 U.S.C. § 1983 is the exclusive vehicle by which plaintiffs may bring 42 U.S.C. § 1981 claims against state governmental units. *Arendale v. City of Memphis*, 519 F.3d 587, 594–99 (6th Cir. 2008). The Supreme Court recently reversed a district court that failed to accord a complaint this relaxed reading. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (holding that a plaintiff's failure to specifically invoke 42 U.S.C. §1983 is not a ground for dismissal). The district court, therefore, properly dismissed the claims against the City.

### III.    Evidentiary Rulings

Bryant next asks this court to reverse three of the district court's evidentiary rulings as abuses of discretion. *Griffin v. Finkbeiner*, 689 F.3d 584, 592 (6th Cir. 2012). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989) (citing *Balani v. INS*, 669 F.2d 1157 (6th Cir. 1982)). A district court abuses its discretion when it "relies on clearly erroneous findings of fact, improperly applies the law, or employs an erroneous legal standard." *Griffin*, 689 F.3d at 592 (quoting *Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 748 (6th Cir. 2005)). Furthermore, we reverse an erroneous evidentiary ruling only if it "affected the outcome of the trial." *United States v. Marrero*, 651 F.3d 453, 471 (6th Cir. 2011) (citing *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007)).

A.    *The City Attorney's Interaction with Witnesses*

Bryant sought to introduce evidence to the jury regarding the interaction the City Attorney had with witnesses to the incident. Bryant's counsel suggests that the witnesses—all City employees—may have adjusted their testimony as a result.

The City Attorney and David Rudolph (Forrest's counsel) invited these witnesses to City Hall prior to their depositions so that the witnesses could examine their post-incident written statements and view a page of Bryant's complaint describing the alleged assault. The City Attorney also attended the witnesses' depositions. Bryant describes this conduct as an attempt to influence the witnesses' deposition and trial testimony. Defendants, on the other hand, insist that the City had the "legal right to protect its interests and the interests of its current employees being deposed."

Absent evidence of wrongdoing, the district court committed no abuse of discretion in excluding as irrelevant evidence of the City Attorney's interaction with these witnesses. Before the district court, Bryant's attorney labeled the City Attorney's conduct as "blatant witness tampering" but supported this assertion with no specific factual allegations. Indeed, when questioned during their depositions about the City Hall meeting, the witnesses' responses offered no support for the witness-tampering suggestion.

In any event, we are confident that even if the jury heard this evidence, the verdict in Forrest's favor would still stand. While the district court excluded the interaction evidence, it nonetheless invited Bryant's attorney to cross examine the witnesses about any inconsistencies between their post-incident written statements—completed before the City Hall meeting—and their trial testimony. At trial, Bryant's attorney repeatedly asked two of the witnesses to read directly from their statements and exposed only trivial inconsistencies. Bryant's counsel thus had ample opportunity to expose any tampering, bias, or improper influencing.

B.      *The Written Witness Statements*

Bryant also wanted to introduce into evidence as exhibits the witnesses' post-incident written statements. Though he conceded the hearsay nature of the unsworn statements, he

proposed several hearsay exceptions to the district court as authorizing their admission. After reviewing the record and applicable law, we find that the denial of these statements on hearsay grounds was well within the district court's discretion.

Regardless, any error in the court's refusal to admit the statements into the record was harmless and reversal unwarranted. Again, Bryant's attorney repeatedly cross examined the witnesses with their written statements. Bryant thus fails to show that admission of the statements themselves as exhibits would have altered the trial's outcome.

C.      *Forrest's "Hot-Headed" and Aggressive Character*

Finally, Bryant sought to testify about Forrest's hot-headed and aggressive character, making two arguments for admissibility. First, he contended that Forrest's character was evidence of habit—admissible under Federal Rule of Evidence 406—because Forrest "has a habit of putting his hands on others when he feels his authority has been challenged." Second, he pressed for admissibility because Forrest's aggressive character "directly [bears] on the Plaintiff's burden of [proving] imminent fear from harm." Forrest, on the other hand, invoked Federal Rules of Evidence 401, 402, 403, and 404 as barring admission, arguing that "[a]ny such character evidence is not relevant to the issues in the instant case" and "is unduly prejudicial."

The district court excluded the evidence as squarely within Federal Rule of Evidence 404(a)'s prohibition of the admission of character evidence. On the stand at trial, Bryant asserted that he had "known [Forrest] to have an angry temperament" and the district court sustained an objection to that statement. On appeal, Bryant abandons the Rule 406 habit argument but insists that the district court's failure to admit the evidence for the imminent-fear purpose merits a new trial.

1. The District Court Incorrectly Excluded the Character Evidence under Rule 404(a)

We agree with Bryant's argument that the district court erred in excluding—under Rule 404(a)—any testimony by Bryant regarding his view that Forrest had an angry temperament. That rule holds that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). In other words, a character trait is inadmissible to show that the person had a propensity to act in accordance with that trait. *See Flagg v. City of Detroit*, 715 F.3d 165, 175 (6th Cir. 2013). Here, one reason Bryant sought to introduce the character evidence was to prove that he reasonably feared imminent bodily injury—an element of assault. Rule 404(a) would allow admission for that limited purpose.

2. The Evidence Was Inadmissible under Rule 403

We disagree, however, that the district court's error demands a new trial because the evidence was inadmissible under Federal Rule of Evidence 403. Rule 403 requires exclusion of the evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Though the district court failed to address Forrest's 403 argument—because it excluded the evidence under Rule 404—this court may conduct an independent Rule 403 analysis. *United States v. Harris*, 200 F. App'x 472, 488 (6th Cir. 2006); *cf. United States v. Joseph*, 270 F. App'x 399, 405–06 (6th Cir. 2008) (holding that we may affirm the district court's decision to admit evidence on any ground supported by the record); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 829 (2d Cir. 1992) (holding that the district court properly excluded the evidence "albeit for the wrong stated reason"); *A.J. Cunningham*

*Packing Corp. v. Florence Beef Co.*, 785 F.2d 348, 351 (1st Cir. 1986) (holding that we may affirm the district court's decision to exclude evidence on any ground supported by the record).

### a. Probative Value

Evidence of Forrest's "angry temperament" was of marginal probative value to the underlying assault claim. Bryant could prove assault in one of three ways: (1) Forrest "intentionally, knowingly or recklessly caus[ed] bodily injury" to Bryant, (2) Forrest "intentionally or knowingly caus[ed] physical contact with [Bryant] and a reasonable person would regard the contact as extremely offensive or provocative," or (3) Forrest "intentionally or knowingly caus[ed] Bryant to reasonably fear imminent bodily injury." (Jury Verdict, R. 65.) The jury found Forrest not liable on all three assault variants.

Bryant's imminent fear of bodily injury relates only to one element of the last assault variant. And he could prove his fear of imminent bodily injury in a variety of ways, the most probative of which was describing the altercation itself. *United States v. Adams*, 722 F.3d 788, 831 (6th Cir. 2013) (explaining that the availability of other evidence with the same or greater probative value factors into the 403 analysis). Also, Bryant made no offers of proof about past instances of violent conduct to support his claimed knowledge of Forrest's aggressive character, despite his opportunity to do so in response to Forrest's motion in limine. Bryant's general statements concerning Forrest's angry temperament, therefore, bear little on Bryant's fear that Forrest would cause him *bodily injury*. The probative value of this character evidence is slight given the facts of this case.

>       *b. Danger of Unfair Prejudice, Confusing the Issues, and Misleading the Jury*

The evidence's low probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury."  Fed. R. Evid. 403.  At the preliminary hearing on the motions in limine, Bryant suggested a third purpose for admitting the evidence: to show that Forrest attacked Bryant out of anger, and not because of any safety concerns.  But this would ask the jury to draw a propensity inference prohibited by Rule 404— that Forrest acted in accordance with his angry tendencies on the day in question.  Though evidence may be admissible for one purpose and not another, the character evidence here posed a danger of the jury impermissibly inferring propensity and bad character while distracting it from the issues at hand.  *United States v. Stout*, 509 F.3d 796, 801 (6th Cir. 2007) ("[T]he unfair prejudice of the evidence of surreptitious filming—both because it demonstrated bad character and propensity—was significant."); *United States v. Johnson*, 27 F.3d 1186, 1193 (6th Cir. 1994) ("When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered . . . .").

Rule 403 balancing therefore weighs in favor of exclusion, and Bryant's arguments fail to instill in us a "definite and firm conviction" that the district court committed a "clear error of judgment" by barring this character evidence from trial.  *Logan*, 865 F.2d at 790 (citing *Balani*, 669 F.2d 1157).

## IV.    Sufficiency of the Evidence

This court may quickly dispense with Bryant's sufficiency-of-the-evidence claim. Having neither moved for judgment as a matter of law before he submitted the assault claim to

the jury, *see* Fed. R. Civ. P. 50(a), nor renewed the motion (or sought a new trial) after the entry of judgment, *see* Fed. R. Civ. P. 50(b); Fed. R. Civ. P. 59, Bryant failed to preserve the issue for review by this court. *See Maxwell v. Dodd*, 662 F.3d 418, 420–21 (6th Cir. 2011).

## V.     Frivolous-Appeal Sanctions

Defendants seek damages and costs under Federal Rule of Appellate Procedure 38, arguing that Bryant's appeal is frivolous. To be sure, Bryant's appeal falls short in many respects, but we are not prepared to label it "obviously without merit" and "prosecuted for delay, harassment, or other improper purposes." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013) (quoting *Vic Wertz Distrib. Co. v. Teamsters Local 1038*, 898 F.2d 1136, 1143 (6th Cir. 1990)). Accordingly, we deny the defendants' request for sanctions.

## VI.     Conclusion

We AFFIRM the district court's judgment on all counts and DENY defendants' motion for sanctions.