**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0067n.06

No. 17-1797

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| KRYSTAL BANKS-WILLIAMS and DOUGLAS WILLIAMS, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | ) ) ) | |
| Defendant-Appellee. | ) | |

**FILED**
Feb 11, 2019
DEBORAH S. HUNT, Clerk

**BEFORE: KEITH, CLAY, and NALBANDIAN, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge.** Plaintiffs Krystal Banks-Williams and Douglas Williams (collectively "the Williamses") brought the instant action after Defendant Allstate Vehicle and Property Insurance Company ("Allstate") denied their claim on a homeowners insurance policy due to a fire that occurred at their home. Allstate denied their claim on the grounds that the fire was intentionally set and that the Williamses concealed or misrepresented material facts or circumstances in connection with their claim. After a seven-day trial, the jury did not answer the question of whether the fire had been intentionally set,[1] but found for Allstate on its misrepresentation defense.

---

[1] The Williamses' appellate counsel attempted to raise this issue at oral argument, however, at trial this issue was presented to the parties and no objections were raised, allowing the jury to skip this question on the verdict form.

The Williamses now raise two arguments on appeal. First, they argue that the district court erred in allowing evidence relating to the type of insurance policy issued. Second, they argue there was insufficient evidence to support the jury verdict. We affirm the district court, and the jury's verdict stands.

## I.

Mrs. Williams is the owner of Banks Bail Bonds, LLC. In 2012, she wrote a $100,000 bond for a client, Lionel Hicks, which was obtained by his father, Kenneth Hicks ("Hicks"). To secure the bond, Hicks signed over his house at 7700 Wykes Street in Detroit, Michigan ("Wykes Property") as collateral. Shortly after the bond was issued, Lionel Hicks absconded. In April 2015, Mrs. Williams began eviction proceedings against Hicks on the Wykes Property for failure to make payments on the bond. The house was subsequently quitclaim deeded from Hicks to Banks Bail Bonds. Following the initial transfer, the Wykes Property was then quitclaim deeded again from Banks Bail Bonds to the Williamses. Upon gaining title to the property, Mrs. Williams applied to insure the house on April 1, 2015, with a homeowner's policy that became effective on April 8, 2015. Allstate was the insurer.

After Hicks was notified of the eviction proceedings, a consent judgment was entered against him with a move-out date of May 5, 2015. Despite being evicted, Hicks and his family remained in the house until July 11, 2015, while Mrs. Williams and her family resided in the Detroit suburb of Roseville.

On July 13, 2015, a fire occurred at the Wykes Property. Following the fire, the Williamses filed a claim with Allstate requesting $125,000 for fire damage plus debris removal. After an investigation into the fire, and the Williamses' claim under their policy, Allstate denied the claim

concluding that the Williamses: (1) intentionally set the fire to defraud Allstate in order to recover insurance proceeds; (2) willfully concealed and misrepresented material facts and circumstances in connection with the claim; and (3) presented false affidavits and documents in connection with the claim. The Williamses then filed suit against Allstate for breach of their insurance contract.

At trial, the issues presented to the jury were: (1) whether the Williamses intentionally set the fire or arranged to have the fire set; and (2) whether they made any material misrepresentations in their insurance claim. During trial, one recurring point of contention was the Williamses' homeowners policy and whether the Williamses should have been issued a landlord policy instead. After seven days of trial, the jury returned a verdict in favor of Allstate, finding that the Williamses concealed or misrepresented one or more material facts or circumstances in connection with their insurance claim. The Williamses now appeal the jury verdict and final judgment.

## II.

The Williamses first argue that they were prejudiced at trial because the district court erred in allowing testimony regarding the type of insurance policy issued. Specifically, the Williamses claim that portions of testimony from Lynn Fields, an Allstate senior claims consultant, were not relevant to the questions before the jury. In response, Allstate asserts that the testimony was relevant to its affirmative defenses of arson and fraud. We are inclined to agree with Allstate.

This Court reviews a district court's evidentiary rulings for an abuse of discretion. *See United States v. Talley,* 194 F.3d 758, 765 (6th Cir. 1999). An abuse of discretion occurs when the district court relies on clearly erroneous factual findings, applies the law improperly, or employs an erroneous legal standard. *CareToLive v. FDA,* 631 F.3d 336, 344 (6th Cir. 2011).

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The rules regarding relevancy . . . are quite liberal and provide that evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence is relevant." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998). Indeed, testimony regarding why Allstate denied the Williamses' insurance claim meets this standard for relevancy. Fields testified that it was Allstate's belief that the Williamses planned to defraud Allstate from the beginning, when they first acquired their homeowners insurance policy even though they were not living at the Wykes Property. This is significant because a requirement for a valid homeowners insurance policy is that the homeowner occupy the premises. Because the Williamses did not live in the Wykes Property, Allstate believed a landlord policy was more appropriate. Thus, the evidence was relevant to both of Allstate's affirmative defenses.

The Williamses further contend that even if the testimony was relevant, the district court should have excluded it because the testimony was confusing, and its prejudicial effect substantially outweighed its probative value. *See* Fed. R. Evid. 403. The testimony, according to the Williamses, confused and misled the jury by improperly focusing on whether there had been misrepresentations in connection with the issuance of their insurance policy instead of their insurance claim for fire damage. However, although Fields' testimony may have led to some confusion, any prejudicial effect did not substantially outweigh its probative value aiding in Allstate's defenses. In fact, to limit the prejudicial effect and any confusion, when Allstate's attorney mentioned property values in Detroit in relation to coverage amounts for a landlord policy

versus a homeowners policy, the district judge advised Allstate's attorney to "move [on] to something different" because the judge previously sustained the Williamses' objection to Fields discussion of Detroit property values. Jury Trial Tr. Vol. 4, R. 44, Pg. ID 1047. By ending Allstate's attorney's line of questioning this eliminated any detailed discussion of a landlord policy and its coverage amount and limited any prejudicial effect or confusion.

Accordingly, the district court properly allowed testimony regarding the different policy types and did not abuse its discretion in its evidentiary ruling. Additionally, such testimony was not more prejudicial than probative because it was undeveloped and unexplored.

**III.**

The Williamses next argue there was insufficient evidence to support the jury's finding that they misrepresented a material fact in connection with their claim. As a preliminary matter, the Williamses did not properly preserve this issue on appeal. *See Bryant v. City of Memphis*, 644 F. App'x 381, 387 (6th Cir. 2016) (dismissing sufficiency-of-the-evidence claim when plaintiff neither moved for judgment as a matter of law nor renewed the motion —or sought a new trial— after the entry of judgment). However, even if this issue were ripe for determination, the jury's verdict should not be disturbed.

"In determining whether the evidence is sufficient to support a jury verdict, the evidence, and the reasonable inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party . . . [We] must determine whether any reasonable jury could have reached the verdict based on the evidence presented at trial." *MacNaughton v. United States*, 888 F.2d 418, 421 (6th Cir. 1989). Therefore, we will uphold a jury verdict if it was one which the jury

reasonably could have reached and cannot set it aside simply because we think another result is more justified. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

At the conclusion of trial, the jury found that the Williamses "concealed or misrepresented one or more material facts or circumstances in connection with their insurance claim." Jury Verdict Form, R. 35, Pg. ID 699. After a thorough review of the record and viewing the evidence in the light most favorable to the non-moving party, Allstate, we find that there is indeed sufficient evidence to support the jury's verdict.

On appeal, the Williamses argue that there were only two points of contention that could be determined to be facts or circumstances that were misrepresented: a pre-existing relationship with Candice Ross, an Allstate agent, and inconsistent statements regarding their whereabouts before the fire and when they received notice of the fire. Without conceding these areas were misrepresented, the Williamses simply state that neither of the two areas were *material* facts in connection to their claim. Although the Williamses make this argument, the determination of which facts are material is not left to the insured to decide. Instead, a misrepresentation is considered material if during an investigation a *reasonable insurance company* attaches importance to the fact. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 537 (6th Cir. 2014) (emphasis added).

Allstate attached importance to both facts. However, even if we were inclined to agree with the Williamses regarding the materiality of the above facts, which we do not, the Williamses wholly disregard other significant evidence of material facts in the record that support the jury's verdict.

For example, during trial Allstate presented sufficient evidence that while investigating the Williamses' insurance claim the Williamses made material misrepresentations of their financial condition and their intention on moving into the Wykes Property. Specifically, Mrs. Williams testified at her examination under oath that she was current on all of her accounts. Allstate discovered this to be incorrect. During her cross examination, the jury heard testimony from Mrs. Williams that she held three Capital One bank accounts. On all three accounts, Mrs. Williams testified that from February to July 2015 these accounts were past due, and that one account was over its limit. This was of particular interest to Allstate given that these deficiencies began just six months prior to the fire and also occurred during the time in which Mrs. Williams was now responsible for the $100,000 bond for Lionel Hicks due to his father's failure to make payments, signaling financial distress.

Next, regarding the Williamses moving into the Wykes Property, Allstate presented evidence of the Williamses' Roseville property leases. Just one month before the fire, Mrs. Williams renewed her lease with her landlord to stay in their house for an additional year even though she reported to Allstate it was their intention to move to the Wykes Property when she obtained the homeowners insurance policy in April. It should be noted, however, that the Williamses were also going through eviction proceedings with Mr. Hicks and his family which also caused for a delay in the Williamses anticipated move-in date. Despite this delay, the jury also heard testimony from Mrs. Williams stating that she informed her Roseville property landlord, Kevin Bohm, of her upcoming move. When questioned of this fact, Mr. Bohm, however, testified that Mrs. Williams never informed him of such a move and only made contact with her when she wanted to extend her lease on June 1, 2015.

Presented with such evidence, the jury could reasonably conclude that the Williamses made one or more material misrepresentations in connection with their insurance claim.

**IV.**

Because the district court did not abuse its discretion in its evidentiary ruling and because there was sufficient evidence to support the jury's verdict, we **AFFIRM**.